# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ASPEN MEDICAL PRODUCTS, LLC, and ASPEN MEDICAL PARTNERS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>COMFORTLAND MEDICAL, INC. and DOES 1 THROUGH 10,<br><br>Defendants. | Civil Case No. 1:19-CV-1098 |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Aspen Medical Products, LLC and Aspen Medical Partners, LLC (collectively, "Plaintiffs"), for their complaint against Defendants Comfortland Medical, Inc. ("Comfortland") and Does 1 through 10, inclusive (collectively, "Defendants"), allege as follows:

## JURISDICTION AND VENUE

1. This is an action involving claims of patent infringement under Title 35, United States Code. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. Venue is proper with this Court pursuant to 28 U.S.C. §§ 1391(b)(1), 1391(b)(2), and 1400(b). On information and belief, venue is proper in this judicial district because, among other things, Defendants are subject to personal jurisdiction in this judicial district, and Defendants have committed acts of infringement and have a regular and established place of business in this judicial district.

## THE PARTIES

3. Aspen Medical Products, LLC ("Aspen Medical Products") is a California limited liability company, with a principal place of business at 6481 Oak Canyon, Irvine, California. Aspen Medical Products indirectly owns one hundred percent of the issued and outstanding membership interests of Aspen Medical Partners, LLC.

4. Aspen Medical Partners, LLC ("Aspen Medical Partners") is a California limited liability company, with a principal place of business at 6481 Oak Canyon, Irvine, California.

5. Comfortland is a North Carolina corporation, with a principal place of business at 709 AO Smith Rd. Mebane, NC 27302.

6. Comfortland has made, used, sold, and/or offered to sell, throughout the United States, including in this judicial district, the products that are alleged to infringe Plaintiff's patents discussed below.

7. Comfortland also advertises the infringing products described herein at the website at http://www.comfortlandmed.com, which it operates.

8. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants Does 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sue said defendants by such fictitious names. Plaintiffs will seek leave of this Court to amend this Complaint to include their proper names and capacities when they have been ascertained. Plaintiffs are informed and believe, and based thereon allege, that each of the fictitiously named defendants participated in and is in some manner

responsible for the acts described in this Complaint and the damage resulting therefrom.

9. Plaintiffs allege on information and belief that each of the defendants named herein as Does 1 through 10, inclusive, performed, participated in, or abetted in some manner, the acts alleged herein, proximately caused the damages alleged herein, and are liable to Plaintiff for the damages and relief sought herein.

10. Plaintiffs allege on information and belief that, in performing the acts and omissions alleged herein, and at all times relevant hereto, each of the defendants was the agent, alter ego, and/or employee of each of the other defendants and was at all times acting within the course and scope of such agency and employment with the knowledge and approval of each of the other defendants.

11. Aspen Medical Products is a leader in the design, development, and marketing of upper and lower spinal orthotics. Aspen's products are sold throughout the United States and abroad.

12. For more than 20 years, the management team and employees of Aspen Medical Products and its predecessor companies have introduced a continuous flow of pioneering and successful spinal bracing products. As a developer and designer of innovative products, Aspen Medical Products has a robust intellectual property portfolio that protects its innovations, designs, and brands.

13. Aspen Medical Products' successful spinal bracing products include the Peak Scoliosis brace, which incorporates an adjustable flexible belt and a vertical strut that can be attached to the belt.

14. Comfortland sells a spinal bracing product under the names Delta Scoliosis Bracing System and Avalon-005 Scoliosis Brace (the "Comfortland Scoliosis Brace"). The Comfortland Scoliosis Brace is sold by Defendants in this jurisdiction and throughout the United States, and is advertised for sale by Comfortland at http://www.comfortlandmed.com/product_detail.php?pID=13. Comfortland's Scoliosis Brace is sold to hospitals, physicians, clinics, other medical professionals, and related corporations in the United States.

15. Comfortland is a direct competitor of Aspen Medical Products in the field of spinal bracing devices.

16. Comfortland's Scoliosis Brace competes with Aspen Medical Products' products, including the Peak Scoliosis Bracing System, for sales in the United States.

## THE PATENT AT ISSUE

17. U.S. Patent No. 10,265,210 ("the '210 Patent"), titled "Scoliosis Brace" issued on April 23, 2019. Plaintiff Aspen Medical Partners owns the '210 Patent. Plaintiff Aspen Medical Products is an exclusive licensee to the '210 Patent.

18. A true and correct copy of the '210 Patent is attached as **Exhibit A**.

19. The '210 Patent is directed to a body brace with a flexible belt that wraps around the wearer's torso. The body brace includes one or more vertical struts that can be attached to the belt.

20. Claim 1 of the '210 Patent is exemplary and reads as follows:

(1) A scoliosis brace for a wearer's body, comprising:

-4-

a flexible belt configured to wrap entirely around a trunk portion of the wearer's body having an inner surface comprising a first hook or loop fastener;

a first vertical strut comprising an upper pad, a lower pad, and a base pad having an outer surface portion that includes a second hook or loop fastener,

wherein the first vertical strut can be removably attached to the inner surface of the belt via the first and second hook or loop fasteners at either a first position and removably attached to the inner surface of the belt via the first and second hook or loop fasteners at a second position different from the first position, and

wherein the upper pad, the lower pad, and the base pad are discrete pads coupled by rigid connectors,

the rigid connectors being sandwiched directly between the first hook or loop fastener and the second hook or loop fastener;

wherein the brace is configured such that, when the brace is worn on the wearer's body when the wearer's body is upright:

the upper pad is vertically above the base pad and the lower pad is vertically below the base pad,

the upper pad applies a first force to a first side of a ribcage of the wearer's body from a first side of the wearer's body to a second side of the wearer's body along a coronal plane,

the lower pad applies a second force to a first side of a hip of the wearer's body from the first side of the wearer's body to the second side of the wearer's body along the coronal plane, and

the flexible belt applies a third force to the second side of the wearer's body between the ribcage and the iliac crest of the wearer's body opposite the first force and the second force, from the second side

of the wearer's body to the first side of the wearer's body along the coronal plane.

21. Additional dependent claims in the '210 Patent further describe the invention as optionally having a second base pad, and further describes the location of pads and the various forces that are applied by the pad to the user when the brace is worn.

22. The Comfortland Scoliosis Brace infringes at least independent claims 1, 13, and 20, and dependent claims 2, 4, 6-12, 14, 16-19, 22-24, and 26-29.

## COMFORTLAND'S INFRINGING ACTIVITIES

23. Plaintiffs are informed and believe that Comfortland is making, using, offering to sell, selling, and/or importing into the United States, including in this judicial district, spinal bracing products that infringe claims of the '210 Patent.

24. A true and correct copy of a Product Guide of Comfortland Products published by Comfortland in 2019, and which is available for download at http://www.comfortlandmed.com/downloads/2019_Catalog.pdf, is attached as **Exhibit B**.

25. Comfortland markets and sells the Comfortland Scoliosis Brace in the United States under the product name "Delta Scoliosis Bracing System" as shown in Exhibit B, p. 9.

26. Comfortland also markets and sells the Comfortland Scoliosis Brace is the United States under the product names "Scoliosis Brace," "Part #: AVALAON-005," "Avalon-005 Scoliosis Bracing System," "Avalon-005 Universal Scoliosis Bracing System," and "Avalon Scoliosis Bracing System" as shown in the photographs attached

as **Exhibit C**.

27. The Comfortland Scoliosis Brace is a scoliosis brace.

28. The Comfortland Scoliosis Brace includes a flexible belt configured to wrap entirely around a trunk portion of a wearer's body.

29. The Comfortland Scoliosis Brace includes a flexible belt having an inner surface comprising a hook or loop fastener.

30. The Comfortland Scoliosis Brace includes a vertical strut with an upper pad, a lower pad, and a base pad having an outer surface that includes a hook or loop fastener.

31. The vertical strut of the Comfortland Scoliosis Brace can be removably attached to the inner surface of the belt via the hook or loop fasteners at either a first or second position.

32. The upper pad, lower pad, and base pads of the vertical strut of the Comfortland Scoliosis Brace are discrete pads coupled by rigid connectors.

33. The rigid connectors of the Comfortland Scoliosis Brace are sandwiched directly between the first and second hook or loop fasteners.

34. The Comfortland Scoliosis Brace is configured such that when worn on the wearer's upright body, the upper pad is vertically above the base pad, and the lower pad is vertically below the base pad.

35. The upper pad of the Comfortland Scoliosis Brace applies a first force to a first side of a ribcage of the wearer's body from a first side of the wearer's body to a

-7-

second side of the wearer's body along a coronal plane.

36. The lower pad of the Comfortland Scoliosis Brace applies a second force to a first side of a hip of the wearer's body from the first side of the wearer's body to the second side of the wearer's body along the coronal plane.

37. The flexible belt of the Comfortland Scoliosis Brace applies a third force to the second side of the wearer's body between the ribcage and the iliac crest of the wearer's body opposite the first force and the second force, from the second side of the wearer's body to the first side of the wearer's body along the coronal plane.

38. The Comfortland Scoliosis Brace practices every limitation of at least claim 1 of the '210 Patent.

39. Comfortland intentionally copied the Peak Scoliosis Brace and created the Comfortland Scoliosis Brace as a direct copy of each and every aspect of the Peak Scoliosis Brace owned, marketed, sold, and patented by the Plaintiffs.

40. Comfortland's willful and unlawful copying of the Peak Scoliosis Brace is evident from the complete identity of form and function between the Peak Scoliosis Brace and the infringing Comfortland Scoliosis Brace. The copying is further evident in the slavish copying by Defendants of each aspect of Aspen Medical Products' packaging for the Peak Scoliosis Brace.

41. Aspen Medical Products marks the Peak Scoliosis Brace with the patent number of the '210 Patent by printing the word "patent" together with the address of an publicly accessible internet posting listing the patent number. The internet posting was at

all relevant times herein accessible to the public at http://www.aspenmp.com/patents. The '210 Patent is listed at that address in connection with the Peak Scoliosis Bracing System.

42. Comfortland had constructive notice of the '210 Patent since April 23, 2019.

43. Comfortland's knowledge of the '210 Patent and its willful direct copying of Plaintiffs' Peak Scoliosis Brace are evidence of willful patent infringement by Comfortland.

**FIRST CLAIM FOR RELIEF**
**(Patent Infringement – '210 Patent)**

44. Plaintiffs reallege each and every allegation set forth in the preceding paragraphs and incorporate them by reference as if fully set forth herein.

45. Defendants make, use, sell, offer for sale, and/or import into the United States products that meet each and every element of one or more claims of the '210 Patent. As such, Defendants have infringed and are directly infringing claims of the '210 Patent. Defendants also indirectly infringe claims of the '210 Patent.

46. The infringing products include at least the Comfortland Scoliosis Brace marketed and sold under the names "Delta Scoliosis Bracing System," "Scoliosis Brace," "Part #: AVALAON-005," "Avalon-005 Scoliosis Bracing System," "Avalon-005 Universal Scoliosis Bracing System," and "Avalon Scoliosis Bracing System" as shown and described herein.

-9-

Case 1:19-cv-01098-CCE-JLW    Document 1    Filed 10/29/19    Page 9 of 12

47. On information and belief, Defendants have had actual or constructive knowledge of the '210 Patent at all times during their infringement of the '210 Patent.

48. On information and belief, Defendants' infringement of the '210 Patent has been and will continue to be willful, wanton, and deliberate with full knowledge and awareness of Plaintiffs' patent rights.

49. Plaintiffs have been damaged in an amount to be determined at trial, but which is not less than a reasonable royalty.

50. Plaintiffs have also been irreparably injured by Defendants' infringing activities. This irreparable injury cannot be adequately remedied by money damages for the infringing activities. Plaintiffs will continue to be so damaged and irreparably injured unless such infringing activities are enjoined by this Court.

51. Furthermore, in light of the willful nature of Defendants' conduct, this case should be deemed "exceptional" under the Patent Laws. As a result, in addition to damages and an injunction, Plaintiffs are entitled to enhanced damages and their attorneys' fees and costs incurred herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendant Comfortland and DOES 1 through 10 as follows:

1. That Defendants, their officers, directors, agents, servants, employees, and all persons and entities in active concert or participation with them, or any of them, be preliminarily and permanently enjoined and restrained from further infringement of the

'210 Patent;

2. A judgment by the Court that Defendants have infringed and are infringing the '210 Patent;

3. An award of damages for infringement of the '210 Patent, together with prejudgment interest and costs, said damages to be enhanced, even trebled, by reason of the intentional and willful nature of Defendants' infringement, as provided by 35 U.S.C. § 284;

4. A determination that this case is "exceptional" under 35 U.S.C. § 285, and an award of Plaintiffs' attorneys' fees;

5. That any monetary award include pre- and post-judgment interest at the highest rate allowed by law;

6. For costs of suit;

7. That the Court grant a trial by jury on all issues; and

8. For such other and further relief as the Court may deem just and proper.

This the 29th day of October, 2019.

**ELLIS & WINTERS LLP**

/s/ Jonathan D. Sasser
Jonathan D. Sasser
N.C. State Bar No. 10028
Preetha Suresh Rini
N.C. State Bar No. 51022
P.O. Box 33550
Raleigh, North Carolina 27636
Telephone: (919) 865-7000
Facsimile: (919) 865-7010
Email: jon.sasser@elliswinters.com
         preetha.rini@elliswinters.com

**RUTAN AND TUCKER, LLP**

Benjamin C. Deming
Steven J. Goon
611 Anton Boulevard, 14th Floor
Costa Mesa, CA 92626
Telephone: (714) 641-3498
Email: bdeming@rutan.com
         sgoon@rutan.com

*Counsel for Plaintiffs Aspen Medical Products, LLC and Aspen Medical Partners, LLC*