**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| ASPEN MEDICAL PRODUCTS, LLC, and ASPEN MEDICAL PARTNERS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>COMFORTLAND MEDICAL, INC. et al.<br><br>Defendants. | Civil Case No. 1:19-CV-1098 |

## ANSWER

For its Answer to the Complaint filed by Aspen Medical Products, LLC and Aspen Medical Partners, LLC (collectively, "Plaintiffs"), Comfortland Medical, Inc. ("Comfortland") denies each and every allegation except as admitted or qualified as follows:

## JURISDICTION AND VENUE

1. This paragraph states legal conclusions to which no response is required.

2. Comfortland admits that venue is proper in the Middle District of North Carolina.

## THE PARTIES

3. Comfortland lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

4. Comfortland lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

5. Admitted.

6. Comfortland admits that it has sold, and/or offered to sell in the United States the product identified in the Complaint, but otherwise denies the allegations.

7. Comfortland admits that it operates http://www.comfortlandmed.com, but otherwise denies the allegations.

8. Denied with respect to Comfortland. Comfortland lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and therefore denies the same.

9. Denied with respect to Comfortland. Comfortland lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and therefore denies the same.

10. Denied with respect to Comfortland. Comfortland lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and therefore denies the same.

11. Comfortland lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

12. Comfortland lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

13. Comfortland lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

14. Comfortland admits that it has sold the Comfortland Scoliosis Brace, but otherwise denies the allegations of this paragraph.

15. Comfortland lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

16. Denied.

17. Comfortland admits that the ’210 patent has the alleged title and issue date, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and therefore denies the same.

18. Comfortland admits that what appears to be a copy of the ’210 patent is attached to the Complaint as an Exhibit.

19. Denied.

20. Comfortland admits that plaintiffs purport to quote claim 1 of the ’210 patent but otherwise denies the allegations.

21. Comfortland admits that the ’210 patent contains dependent claims, but otherwise denies the allegations.

22. Denied.

23. Denied.

24. Comfortland admits that the catalog attached as Exhibit B to the Complaint was published by Comfortland and was once available for download, but otherwise denies the allegations.

25. Denied.

26. Denied.

27. Admitted.

28. Denied.

29. Denied.

30. Admitted.

31. Denied.

32. Admitted.

33. Denied.

34. Admitted.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Comfortland lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

42. Comfortland lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

43. Denied.

**FIRST CLAIM FOR RELIEF**
**(Patent Infringement – '210 Patent)**

44. Comfortland restates and incorporates by reference its responses to the proceeding paragraphs.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

Comfortland denies that plaintiffs are entitled to any relief on any claim. Any allegation not expressly admitted is hereby denied

**ADDITIONAL DEFENSES**

Without conceding that any of the following necessarily must be pled as an affirmative defense, or that Comfortland bears the burden of proof on any the following defenses, or that any of the following is not already at issue by virtue of the foregoing denials, and without prejudice to Comfortland's right to plead additional defenses as

discovery in the facts of the matter warrant, Comfortland also asserts the following additional defenses:

**FIRST ADDITIONAL DEFENSE**
**(No Willful Infringement)**

Comfortland has not intentionally, willfully, or deliberately infringed nor caused to be infringed, either literally or under the doctrine of equivalents, any valid and asserted claim of the asserted patents.

**SECOND ADDITIONAL DEFENSE**
**(Invalidity)**

The claims of the asserted patents are invalid and/or unenforceable for failure to comply with one or more of the requirements of the Patent Laws of the United States, 35 U.S.C. §§ 100, *et seq*., including, but not limited to, §§ 101, 102, 103, 112 or 116.

**THIRD ADDITIONAL DEFENSE**
**(Claim Construction Estoppel)**

Plaintiffs are estopped from asserting any interpretation of any of the claims of the asserted patents that would be broad enough to cover any accused products by reasons of statements, representations, amendments, omissions, and/or concessions made to the United States Patent and Trademark Office during the prosecution of applications for issuance of the asserted patents, or by reasons of prior acts.

**FOURTH ADDITIONAL DEFENSE**
**(Prosecution History Estoppel)**

Plaintiffs are estopped from asserting infringement under the doctrine of equivalents of any of the claims of the asserted patents that would be broad enough to

cover any accused product by reasons of statements and amendments made to the United States Patent and Trademark Office during prosecution of the application for issuance of the asserted patents, or by reasons of prior acts.

**FIFTH ADDITIONAL DEFENSE**
**(Limitation on Damages)**

Plaintiffs have not complied with the requirements of 35 U.S.C. § 287 and are precluded from seeking any recovery for alleged damages under the asserted patents prior to the filing of Complaint in this action.

**SIXTH ADDITIONAL DEFENSE**
**(No Costs)**

Plaintiffs are barred by 35 U.S.C. § 288 from receiving any costs associated with this suit.

**SEVENTH ADDITIONAL DEFENSE**
**(Adequate Remedy at Law)**

Plaintiffs are not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable and Plaintiffs have an adequate remedy at law.

**EIGHTH ADDITIONAL DEFENSE**
**(Unclean Hands)**

Plaintiffs' claims are limited by the doctrine of unclean hands.

Comfortland reserves the right to assert additional defenses based on information learned or obtained during discovery.

## **PRAYER FOR RELIEF**

WHEREFORE, Comfortland submits that Plaintiffs' allegations lack sufficient factual or evidentiary support and present no valid basis upon which liability can be imposed against Comfortland. Comfortland thus respectfully prays for relief that:

(a) Plaintiffs' claim be dismissed in its entirety with prejudice;

(b) The '210 Patent be declared not infringed;

(c) Plaintiffs be enjoined from asserting that Comfortland, its officers, agents, representatives, stockholders, owners, investors and/or customers directly or indirectly infringe any claim of the '210 Patent or the '758 Patent;

(d) Any and all relief requested in Plaintiffs' Complaint be denied;

(e) Costs of this action be awarded to Comfortland;

(g) Reasonable attorneys' fees and expenses be awarded to Comfortland; and

(h) This Court grant such other and further relief to Comfortland as this Court may deem just and equitable.

Dated: December 11, 2016

Respectfully submitted,

*/s/ Jacob S. Wharton*

Jacob S. Wharton, NCSB No. 37421
WOMBLE BOND DICKINSON (US) LLP
One West 4th Street
Winston-Salem, North Carolina 27101
Telephone: (336) 747-6609
Facsimile: (336) 726-6985
E-mail: Jacob.Wharton@wbd-us.com

Mark C. Johnson
mjohnson@rennerotto.com
Kyle B. Fleming
kfleming@rennerotto.com
RENNER OTTO
1621 Euclid Avenue, Floor 19
Cleveland, Ohio 44115
Telephone: (216) 621-1113
Facsimile: (216) 621-6165

(*Notices of Special Appearance forthcoming*)

*Attorneys for Defendant*